UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

JUSTIN WASHINGTON, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

                     Plaintiff,

      -against-

GREEN TRIPS INC. d/b/a GREEN TRIPS, and
PETER KIM,

                  Defendants.

---------------------------------------------------------- X

**MEMORANDUM
AND ORDER**

24 Civ. 3585 (DG) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

On behalf of himself, prospective FLSA collective plaintiffs, and prospective class members, Plaintiff Justin Washington brings this action against Green Trips, Inc. ("Green Trips") and Peter Kim (collectively, "Defendants"), to recover damages for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and the New York Labor Law, N.Y. Lab. L. §§ 190 et seq., 650 et seq. and corresponding regulations (the "NYLL"). Compl., ECF No. 1.

Before the Court are several motions filed by the parties, which the Court addresses together herein. Plaintiff seeks leave to amend the complaint. "Motion to Amend," ECF No. 23. Plaintiff moves for conditional certification of an FLSA collective action on behalf of all current and former drivers employed by Defendants from May 16, 2018, to the present. See "Motion to Certify," ECF No. 32. Plaintiff seeks to compel production of collective and class discovery. "Motion to Compel" (together with the Motion to Amend and the Motion to Certify, the "Motions"), ECF No. 43.

For the reasons stated below, the Motions are granted as set forth herein.

1

# I.    BACKGROUND

## A.  Complaint

### a.  Plaintiff's Individual Allegations

The Court assumes general familiarity with this action and will recite facts from the Complaint and the declaration submitted by Plaintiff in support of the Motion to Certify, "Pl. Decl.," ECF No. 35, only as necessary for the Court's analysis of the Motions.

Plaintiff alleges that he was employed by Defendants as a driver from approximately May 2, 2023 through January 8, 2024.  Compl. ¶ 26.  Green Trips "provides ambulatory wheelchair services and professional door-to-door transportation for the elderly as well as the disabled," and Mr. Kim is the "owner and founder" of Green Trips.  Id. ¶¶ 10-11.

"Plaintiff was scheduled to work six (6) days per week, Mondays through Saturdays, for nine and one-half (9.50) hours per day from 9:00 a.m. to 6:30 p.m., for a total of fifty-seven (57) hours per week."  Id. ¶ 28; see Pl. Decl. ¶ 6.  Plaintiff alleges that he was not paid for certain hours of work performed each week: namely, for time spent traveling to the first client each morning and back from the last client each day, and the hours he was compelled to spend on-call at his home or at Green Trips's offices.  Compl. ¶¶ 31-34.  Plaintiff states that he was not permitted to clock in before arriving at the first pick-up.  Pl. Decl. ¶¶ 9, 12.  Plaintiff contends that because he typically worked 57 hours per week, the approximately nine unpaid hours each week should have been remunerated at his overtime rate.  Compl. ¶¶ 34-35.  In addition, Plaintiff alleges that Defendants did not provide to him a wage notice or wage statements that complied with NYLL requirements.  Id. ¶¶ 38-39.

### b.  Collective Allegations

Plaintiff contends that other drivers employed by Defendants were subject to the same treatment.  Plaintiff alleges that "[a]ll drivers, including Ron, Robert and the other drivers [he]

spoke with, were all unpaid for large portions of their working day." Pl. Decl. ¶ 13. Other

drivers "were scheduled to work similar hours" as Plaintiff. Compl. ¶ 28. Plaintiff "frequently

spoke with [his] fellow co-workers," Ron, Robert and "another employee, who worked as drivers

[like him] for Defendants and were paid on an hourly basis." Pl. Decl. ¶ 4.

Plaintiff alleges that throughout his employment, Defendants regularly subjected him and

other drivers "to a policy of timeshaving," id. ¶ 30. Plaintiff states that approximately three

times per week, Defendants forced Plaintiff and other drivers to spend up to three unpaid hours

waiting at Defendants' office for an assignment, hours that should have been paid at the

employees' overtime rates. Id. ¶¶ 31-32, 35. Plaintiff and his colleagues "discussed and

complained about Defendants' wage and hour policies because [they] were subject to the same

policy of time shaving." Pl. Decl. ¶ 4.

In addition, Plaintiff contends that Defendants failed to provide other drivers with wage

notices and wage statements that complied with the NYLL. Compl. ¶¶ 52-53. Plaintiff states

that Defendants employed "at least 30 employees." Pl. Decl. ¶ 2.

### B. Procedural History

On May 16, 2024, Plaintiff commenced this action. Compl. Defendants answered on

July 10, 2024. See Answ., ECF No. 13. Shortly thereafter, the parties' persistent disputes

began.[1]

After a discovery schedule was entered, see 10/2/2024 Order, the parties filed a joint

letter regarding disputed deadlines and procedure with respect to Defendants' production of ESI

---

[1] Counsel are reminded of their duty to cooperate pursuant to Local Civil Rule 26.4, Fed. R. Civ. P. 36 and other ethical rules governing attorneys who practice before the Court. Counsel must attempt resolution of their disputes in good faith before seeking Court intervention, which requires counsel to meet and confer via telephone or in person, not simply to exchange written correspondence.

and documents regarding potential class or collective members, ECF No. 17.  On December 17, 2024, the Court set deadlines for briefing any discovery disputes and conducting e-discovery. 12/17/2024 Order.  In February 2025, the parties filed letters raising several disputes, including the briefing schedule for any motion for collective certification.  See ECF Nos. 19-23.  The parties thereafter filed the Motions in overlapping sequence.

On March 14, 2025, Plaintiff filed the Motion to Amend.  Three days later, Plaintiff filed a letter stating that, on March 14, 2025, he had served on Defendants his opening brief for the Motion to Certify, and requesting that the Court set dates for any opposition and reply.  ECF No. 24.

On March 19, 2025, Defendants filed their opposition to the Motion to Amend, "Opposition to Amend," ECF No. 25.  The next day, Plaintiff sought leave of the Court to file a reply, ECF No. 26, which was granted, see 7/21/2025 Order.

On March 31, 2025, Plaintiff filed a letter requesting that the Motion to Certify be granted as unopposed, ECF No. 27, to which Defendants responded on April 2, 2025, contending that the parties had not agreed to a briefing schedule and that a schedule had not been approved by the Court, ECF No. 28.

On April 28, 2025, Defendants moved for an extension of time to oppose the Motion to Certify, ECF No. 30, which Plaintiff opposed the following day, ECF No. 31.  On May 13, 2025, Plaintiff filed his brief and other papers in support of the Motion to Certify, ECF Nos. 32-35, and requested that it be granted as unopposed, ECF No. 36.

On May 28, 2025, Defendants opposed the Motion to Certify, "Opposition to Certify," ECF No. 39.  The next day, Plaintiff moved to strike the Opposition to Certify for being

untimely, "Motion to Strike," ECF No. 40.  On June 4, 2025, Plaintiff filed his reply to the Motion to Certify, "Reply to Certify," ECF Nos. 41-42.

On July 21, 2025, Plaintiff moved to compel class discovery and to set dates for the deposition of Defendants' witnesses, Motion to Compel, ECF No. 43, which Defendants opposed on July 22, 2025, ECF No. 44.

On July 28, 2025, Plaintiff filed a reply to the Motion to Amend, "Reply to Amend," ECF No. 45.

## II.    MOTION TO AMEND THE COMPLAINT

Plaintiff moves for leave to amend the complaint "to include additional allegations regarding his claims for unlawful time shaving, which are supported by Defendants' discovery production."  Mot. to Amend at 1; see Prop'd Am. Compl., ECF No. 23-1.

"Leave to amend should be 'freely given . . .  when justice so requires,'" Fed. R. Civ. P. 15(a)(2), but it "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016) (cleaned up & citations omitted).

Defendants contend that "Plaintiff has acted with undue delay [in moving to amend] because the information that Plaintiff seeks to add to his complaint was within the possession of the Plaintiff, even prior to the filing of the initial Complaint in this matter."  Opp. to Amend at 1. Defendants also argue that Plaintiff filed the Motion 158 days after Defendants' discovery production, which they contend constitutes undue delay.  Id. at 2.

Plaintiff states that although he "was aware that he had been time shaved in some manner, he was unaware of the specific violations" that he now seeks to allege "until he had received and analyzed Defendants' production."  Reply to Amend, at 1.  Plaintiff explains that he had intended

to file the Motion to Amend after securing production of records related to potential collective action members, but he decided to file the motion when he realized that the parties' discovery dispute regarding this production would require the Court's intervention.  Id. at 2.

The Court does not find that Plaintiff has acted with undue delay.  Even if the Court were to find undue delay, it is well-established in this Circuit that "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

"The party opposing the motion for leave to amend carries the burden of demonstrating that it will be substantially prejudiced by the amendments."  State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148 (E.D.N.Y. 2007).  "When considering whether the opposing party may be prejudiced, courts consider whether the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; [or] (3) prevent the plaintiff from bringing a timely action in another jurisdiction."  Zou v. Han, No. 23 Civ. 2370 (SJB) (JMW), 2025 WL 2490269, at *4 (E.D.N.Y. Aug. 29, 2025).

Defendants contend that they "would be unduly prejudiced" if the Motion to Amend were granted because they "would be required to file an additional response to [the] amended complaint, and would have to make additional discovery requests regarding Plaintiff's additional allegations."  Opp. to Amend at 3.  This vague and unsupported contention does not support a finding of undue prejudice.  See, e.g., Perez v. Escobar Constr., Inc., 342 F.R.D. 378, 382 (S.D.N.Y. 2022) (granting motion to amend where, inter alia, defendants "never explain what further discovery the proposed amendments would require and why they were not already on notice of whatever new factual allegations were made in the proposed amended complaint").

6

That Defendants will be required to review and respond to limited additional allegations is not prejudicial; rather, clarifying Plaintiff's position and claims before this case advances any further is in the interest of Plaintiff, Defendants and the Court. Discovery is ongoing in this case, so Defendants' claim of prejudice based on discovery burdens is without merit. Defendants, therefore, have not met their burden of demonstrating undue prejudice.

Defendants similarly fail to demonstrate that Plaintiff moves to amend in bad faith. Defendants state in a conclusory manner that "it is in bad faith" that Plaintiff did not include in the Complaint the allegations he now seeks to include. Opp. to Amend at 25. Plaintiff explains, however, that the new allegations relate to a "specific violations" regarding a "different time shaving practice" of which Plaintiff had previously been unaware. Reply to Amend at 1-2. The Court does not discern bad faith on the part of Plaintiff in moving to amend now.

Accordingly, the Court exercises its considerable discretion, see See v. Gov't Emps. Ins. Co., No. 21 Civ. 547 (PKC) (JMW), 2025 WL 2042323, at *3 (E.D.N.Y. July 21, 2025), and grants the Motion to Amend.

Plaintiff is directed to file his proposed amended complaint on the docket by December 29, 2025. Defendants will have 30 days thereafter to answer or otherwise respond to the amended complaint.

## III.    MOTION TO CERTIFY

The Court initially addresses the parties' procedural disputes regarding when the motion papers were filed. As discussed above, on March 14, 2025, Plaintiff served on Defendants the opening brief of the Motion to Certify on Defendants. Three days later, Plaintiff filed a letter requesting approval of a briefing schedule on that motion, with the parties proposing two different schedules. ECF No. 24. In that letter, Plaintiff requested that the deadline for Defendants' opposition be two weeks from the service of his opening brief, and Defendants

sought an additional two weeks to oppose the motion.  See id.  Neither proposal was adopted by the Court.

On March 31, 2025, Plaintiff filed a letter requesting that the Court grant the Motion to Certify as unopposed, ECF No. 27.  Plaintiff contends that because he served the opening brief on Defendants on March 14, 2025, any opposition was due by March 28, 2025, pursuant to Local Civil Rule 6.1.  See id.

On April 2, 2025, Defendants filed a letter opposing Plaintiff's request to grant the motion as unopposed, ECF No. 28, asking that the Court approve Defendants' proposed briefing schedule nunc pro tunc and permit Defendants until April 28, 2025 to oppose the Motion to Certify.

On April 28, 2025, the date by which Defendants had proposed serving their opposition to Plaintiff's opening brief, Defendants filed a letter seeking additional time to oppose the motion, ECF No. 30, which Plaintiff opposed the following day, ECF No. 31.

On May 13, 2025, Plaintiff filed on the docket his opening papers, ECF Nos. 33-35, along with another request that the Court grand the Motion to Certify as unopposed, ECF No. 36. Plaintiff filed another letter on May 21, 2025, ECF No. 38, requesting relief on the various disputes between the parties.

Defendants filed the Opposition to Certify on May 28, 2025, ECF No. 39.  The following day, Plaintiff moved to strike the Opposition, ECF No. 40.  Plaintiff filed the Reply to Certify on June 4, 2025, ECF Nos. 41-42.

The Court notes that the parties' recurring dispute about the timing of their papers, which was not resolved by the Court before Plaintiff served and then filed his motion papers, demonstrates an unwillingness by counsel to resolve in good faith differences about proposed

timelines.  The Court reminds counsel again of the Court's "strong preference for resolving disputes on the merits, rather than on the basis of procedural issues," Fiedler v. Incandela, 222 F. Supp. 3d 141, 156 (E.D.N.Y. 2016).

In light of that preference, the Court will consider Defendants' motion papers. Accordingly, Plaintiff's motion to strike, ECF No. 40, is denied, and Defendants' request for an extension nunc pro tunc to file the Opposition, ECF No. 28, is granted.

## A. Legal Standards For Motion For Conditional Certification Of An FLSA Collective

Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime compensation "against any employer . . . by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  The Supreme Court has held that "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989); see Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 70 n.1 (2013) (characterizing section 216(b) as a "joinder process").

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under the FLSA.  See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010).  In the first step, which corresponds to the conditional-certification stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs."  Id. at 555 (citations omitted).  Plaintiff need only "make a 'modest factual showing'" that he and potential opt-in plaintiffs "together were victims

of a common policy or plan that violated the law." Id. (internal quotation omitted). "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted). The "similarly situated" analysis is "quite distinct" from whether plaintiff has "satisfied the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." Myers, 624 F.3d at 555-56.

Although mere "unsupported assertions" are not sufficient to pass the first step, "it should remain a low standard of proof because the purpose of the first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. at 555 (emphasis in original). The Second Circuit has explained the "similarly situated" standard to mean that "named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 516 (2d Cir. 2020) (citation omitted). "[I]f named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, dissimilarities in other respects should not defeat collective treatment." Id. (internal quotation omitted).

The factual showing required for conditional certification is a "lenient one." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) (citation omitted); see Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55 (S.D.N.Y. 2005) ("[C]ase law imposes only a very limited burden on plaintiffs for purposes of proceeding as a collective action."). Courts need not engage in a merit inquiry at the first step of the conditional certification of an FLSA collective: "[a]t this preliminary stage, whether [Plaintiff] will eventually succeeds on the merits of his FLSA claim is immaterial." See Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439,

447 (S.D.N.Y. 2013).  Indeed, because a court "must take care to avoid even the appearance of judicial endorsement of the merits" of an action at this stage, Hoffmann-La Roche, 493 U.S. at 174, a "court may not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations,'" Jeong Woo Kim, 985 F. Supp. 2d at 446 (quoting Lynch, 491 F. Supp. 2d at 368) (citation omitted).

For purposes of determining conditional certification, a court may credit a plaintiff's statements.  See Yi Mei Ke v. JR Sushi 2 Inc., No. 19 Civ. 7332 (PAE) (BCM), 2021 WL 148751, at *8 (S.D.N.Y. Jan. 15, 2021).  "[P]ersonal observation and conversations" with other employees, detailed in declarations, can be enough to demonstrate a common policy or plan sufficient for approval of conditional certification for a FLSA overtime claim.  Miranda v. Gen. Auto Body Works, Inc., No. 17 Civ. 4116 (AMD) (RER), 2017 WL 4712218, at *2 (E.D.N.Y. Oct. 18, 2017) (citation omitted).  "Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." Wraga v. Marble Lite, Inc., No. 05 Civ. 5038 (JG) (RER), 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (citations omitted)); see Fa Ting Wang v. Empire State Auto Corp., No. 14 Civ. 1491 (WFK) (VMS), 2015 WL 4603117, at *2, *6-7 (E.D.N.Y. July 29, 2015) (granting conditional certification where the plaintiff's affidavit set forth a defendant's plan or scheme to not pay overtime compensation and identified by name similarly situated employees); Qiang Lu v. Purple Sushi, Inc., 447 F. Supp. 3d 89, 95 (S.D.N.Y. 2020) (crediting plaintiff's attestation that he "befriended some co-workers and . . . talked to them about [their] work").  Nonetheless, "declarations with vague and conclusory allegations and unsupported assertions [are] insufficient to establish that others are similarly situated." Errickson v. Paychex, Inc., 447 F. Supp. 3d 14, 23 (W.D.N.Y. 2020) (citation & quotations omitted); see

Qing Gu v. T.C. Chikurin, Inc., No. 2013 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification of collective where plaintiffs failed to provide "names of fellow employees" or "job titles or duties").

"Accordingly, if the plaintiff's allegations are sufficient on their face to support conditional certification, a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions." Id. at 446 (collecting cases); see Sanchez v. Gansevoort Mgmt. Grp., No. 12 Civ. 75 (KBF), 2013 WL 208909, at *1 n.1 (S.D.N.Y. Jan. 10, 2013) (stating that, to the extent an affidavit submitted by the defendants "contradicts statements sworn to by the plaintiffs, the [c]ourt will grant the plaintiffs the benefit of the doubt given the posture of [the conditional certification] motion").

If the Court grants conditional certification, an employee cannot become a party to such an action unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending. See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so."). To effectuate notice of this action to potential collective members, courts have discretion to authorize sending notice to potential plaintiffs in a collective action at the conditional-certification stage upon a plaintiff's demonstration that potential class members are "similarly situated." Id. at 266-67 (citing Sbarro, 982 F. Supp. at 261); see Hoffman-LaRoche, 493 U.S. at 169.

After distribution of the notice, the completion of any opt-in period, and any additional discovery, the court proceeds to the second step of the two-part Section 216(b) inquiry. "[A]t the second stage, the district court will, on a fuller record, determine whether . . . the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Myers, 624 F.3d at 555.

## B. Evidence Submitted By The Parties In Connection With The Motion To Certify

In support of the Motion to Certify, Plaintiff submitted his declaration and the following records: a sample of Plaintiff's GPS driving records, ECF No. 34-3; an excerpt of Defendants' Employee Handbook, ECF No. 34-4; a sample of Plaintiff's time records and paystubs, ECF No. 34-5 and 34-6; and a letter from the New York State Department of Labor to Green Trips, dated December 24, 2019, ECF No. 34-7. Plaintiff also filed a proposed (1) Collective Action Notice ("Notice"), ECF No. 34-1 at 1-2; (2) Consent to Sue Form ("Consent Form"), ECF No. 34-1 at 3; and (3) a Proposed Order, ECF No. 32-1.

As part of the Opposition to Certify, Defendants filed the Declaration of Peter Kim ("Kim Decl."), ECF No. 39-1. Defendants have not submitted other documentary evidence to oppose the Motion to Certify.

## C. Analysis

### a. The Court Will Not Assess The Merits Or Lack Of Merits Of Plaintiff's Claims Or Plaintiff's Credibility At The Preliminary Certification Stage.

As an initial matter, the Court does not conduct a merits analysis at this stage of the proceeding. Plaintiffs' statements at this stage must be considered without credibility determinations, and Defendants "may not defeat a court's determination that Plaintiff [is] similarly situated by submitting their own affidavits." Colon v. Major Perry St. Corp., No. 12 Civ. 3788 (JPO), 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013); see Dong Yuan v. Hair Lounge, No. 18 Civ. 11095 (AT) (BCM), 2019 WL 12338302, at *6 (S.D.N.Y. Nov. 7, 2019) ("It is well settled . . . that at the conditional certification stage the court should not 'make credibility determinations.'") (internal quotation omitted); Alves v. Affiliated Home Care of Putnam, Inc., No. 16 Civ. 1593 (KMK), 2017 WL 511836, at *4 (S.D.N.Y. Feb. 8, 2018) ("Defendants' competing factual assertions may not defeat Plaintiff's motion for conditional

class certification.").  "[A]ttempting to demonstrate that no violation occurred and no class should be conditionally certified . . . is misplaced at this stage of the proceedings."  Escobar v. Motorino E. Vill. Inc., No. 14 Civ. 6760 (KPF), 2015 WL 4726871, at *3 (S.D.N.Y. Aug. 10, 2015).

### b. Plaintiff Has Shown That Other Workers May Have Been Or May Be Similarly Situated To Him With Respect To Defendants' Alleged Violation Of FLSA Overtime Requirements.

Plaintiff seeks conditional certification of "all current and former drivers employed by Defendants in New York on or after [May 16, 2018]" ("Covered Employees"), see Prop'd Order, ECF 32-1; Plaintiff's Memorandum of Law ("Pl. Mem.") at 1, ECF No. 33.  As to his overtime claims brought pursuant to the FLSA, Plaintiff has made the "modest factual showing" that he and potential plaintiffs together may have been victims of a common policy or plan that violated the law.

Plaintiff contends that he spoke with other drivers, including "Ron," "Robert" and "another employee," who worked as drivers, were paid on an hourly basis and were subject to the same alleged policies of failure to pay for all hours worked, a practice which Plaintiff and his colleagues "discussed and complained about."  See Pl. Decl.

For purposes of determining conditional certification, the Court credits these statements. See, e.g., Quiang Lu v. Purple Sushi, Inc., 447 F. Supp. 3d 89, 95 (S.D.N.Y. 2020) (crediting plaintiffs' attestation that they "befriended some co-workers and . . . talked to them about their work").  "[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."  Jackson v. Total Relocation Servs., LLC, No. 23 Civ. 4118 (KPF), 2024 WL 4850814, at *5 (S.D.N.Y. Nov. 21, 2024) (internal quotation omitted); Mei Rong Du v. Dingxiang Inc., No. 19 Civ. 11924 (JPO) (BCM), 2020 WL 7404984, at *6 (S.D.N.Y. Dec. 17, 2020) (finding a sworn declaration that identified

other employees by name and contained information about their wages and hours worked satisfied plaintiff's requirement of a "modest showing" for conditional certification). Indeed, "[a]t the conditional certification stage, the burden is so low that even one or two affidavits establishing the common plan may suffice." Gonzalez v. Wicked Taco LLC, 764 F. Supp. 3d 77, 101 (E.D.N.Y. Jan. 31, 2025), reconsid. denied, 772 F. Supp. 3d 284 (E.D.N.Y. 2025), objections overruled, 2025 WL 2384040 (E.D.N.Y. Aug. 18, 2025), & objections overruled, 2025 WL 2384040 (E.D.N.Y. Aug. 18, 2025).

In his declaration, Mr. Kim refutes each of Plaintiff's allegations in an attempt to demonstrate that a violation did not occur. See generally Kim Decl. As a general matter, Mr. Kim's refutations contain little specificity, such as, for example, how many employees he had during the term of Plaintiff's employment. See Kim Decl. ¶ 3. Moreover, Mr. Kim does not proffer any documentary support for his contentions. Consequently, Mr. Kim's contentions "amount to attacks on the credibility of Plaintiff's factual assertions—considerations that are outside the Court's current standard of review for Plaintiff's motion." Gonzalez, 764 F. Supp. 3d at 103.

Having determined that Plaintiff's allegations are "sufficient on their face to support conditional certification," Jeong Woo Kim, 985 F. Supp. 2d at 447 (collecting cases), the Court finds that Defendants' conflicting assertions do not defeat the Motion to Certify, see id.

Accordingly, Plaintiff has met the "modest showing" necessary to conditionally certify a collective of Covered Employees, which consists of all current and former drivers employed by Defendants in New York on or after May 16, 2018 until December 19, 2025.

### i.     Notice Text

Plaintiff moves for an order authorizing dissemination of the proposed Notice and Consent Form. See Pl. Mem. at 16-17. Defendants do not oppose.

"Neither the FLSA nor any court has expressly outlined what form court-authorized notice should take nor what provisions the notice should contain." Valdez v. MichPat & Fam, LLC, No. 20 Civ. 2570 (AMD) (SIL), 2022 WL 950450, at *13 (E.D.N.Y. Mar. 30, 2022) (internal quotation omitted).  The Court has "broad discretion to craft appropriate notices that effectuate the overarching policies of the collective suit provisions [of the FLSA] and provide employees with accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Aleman-Valdivia v. Top Dog Plumbing & Heating Corp., No. 20 Civ. 421 (LDH) (MMH), 2021 WL 4502479, at *8 (E.D.N.Y. Sept. 30, 2021) (internal quotation omitted).

The notice should include "a description of some or all of the following: (1) the purpose of the notice; (2) the nature of the lawsuit filed and the relief being sought; (3) the proposed class composition; (4) the legal effect of joining the lawsuit; (5) the fact that the court has not taken any position regarding the merits of the lawsuit; (6) how to join the lawsuit; (7) the purely voluntary nature of the decision and the legal effect of not joining the lawsuit; (8) the prohibition against retaliation; and (9) the relevant contact information for any inquiries." Ding v. Mask Pot Inc., 347 F.R.D. 417, 429 (E.D.N.Y. 2024) (internal quotation omitted); see generally Notice.

Having reviewed the Notice and in light of no opposition from Defendants, the Court exercises its discretion and grants Plaintiff's request to distribute the Notice and Consent Form as attached to this Memorandum and Order as Exhibits A-B.  The Court has modified the proposed notice to include only necessary information.

ii.    **Plaintiff Is Permitted To Disseminate The Notice By Mail, Email And Text Messages.**

Plaintiff requests that the Notice and Consent Form be distributed by mail, email and text messages.  Mot. to Certify at 19.  Defendants do not oppose.

Courts routinely approve these three methods of communicating with potential opt-ins.  See Valdez, 2022 WL 950450, at *15 (collecting cases).  The Court thus approves dissemination of the Notice and Consent Form by mail, email and text messages.  The mail and email dissemination must use the text in Exhibits A-B.  Plaintiff did not submit a proposal as to the language for a text message.  Any proposed language for a text message must be submitted by Plaintiff in a letter submission by January 22, 2026.

c.  **Equitable Tolling**

Plaintiff asks that "the applicable FLSA statute of limitations not be tolled until such time that Plaintiff is able to send notice to potential opt-in plaintiffs."  Pl. Mem. at 20.  Accordingly, the Court grants Plaintiff leave to request equitable tolling of the FLSA statute of limitations for potential opt-in plaintiffs in any motion for final approval of the collective.

The Court reminds Plaintiff that in order "[t]o apply equitable tolling, the Court must find that a plaintiff has satisfied two strict conditions: (1) that extraordinary circumstances prevented the plaintiff from timely filing his or her claim, and (2) that the plaintiff pursued his or her claim with reasonable diligence during the requested period."  Alvarado v. Villas Mkt. Place Inc., No. 19 Civ. 4036 (VEC), 2020 WL 91489, at *3 (S.D.N.Y. Jan. 8, 2020) (citing Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014)).  Any such request for the application of equitable tolling must demonstrate that "some extraordinary circumstance stood in his way" while "he was pursuing his rights diligently," Mottahedeh v. United States, 794 F.3d 347, 352 (2d Cir. 2015), or provide another reason why the Court should apply this remedy, see, e.g., Cabrera

17

v. Stephens, No. 16 Civ. 3234 (ADS) (SIL), 2017 WL 4326511, at *7 (E.D.N.Y. Sept. 28, 2017) (collecting cases applying equitable tolling to account for any delay in a court's deciding a motion to certify).

### d. Discovery Of Names And Contact Information

Plaintiff seeks an order compelling Defendants to produce the names and contact information of potential collective members. Mot. to Certify at 18. In particular, Plaintiff asks that Defendants produce a spreadsheet in Excel format of all Covered Employees, which includes their "names, titles, compensation rates, date[s] of employment, last known mailing addresses, email addresses, and all known telephone numbers." Id.

Defendants do not oppose.[2]

"In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members." Ding, 347 F.R.D. at 437.

As to prospective opt-in plaintiffs' compensation rates, Plaintiff does not offer an argument as to why compensation rates should be provided at this stage. Such information is not relevant to the conditional certification notice mailing, which is the basis for the production ordered herein.

Accordingly, Plaintiff's request is granted, and Defendants are directed to produce by January 22, 2026, a spreadsheet in Excel format of Covered Employees which includes their names, titles, dates of employment, last-known mailing addresses, email addresses and all known telephone numbers.

---

[2] Although in the Opposition, Defendants do not oppose Plaintiff's request for production of a list of Covered Employees, Defendants elsewhere oppose Plaintiff's requests for production related to potential collective and class members, as discussed further below, see discussion infra § IV.

## IV.    MOTION TO COMPEL

Plaintiff seeks to compel production of class-related discovery and to schedule deposition dates for Defendants' witnesses, see Mot. to Compel.  Defendants state that they have already offered times for Plaintiff to depose Defendants' witnesses, see Opp. to Compel at 1, so this request is denied as moot.

Because the Court grants the Motion to Certify and directs production of information related to the potential collective, the Motion to Compel is granted with respect to the request for production of discovery regarding potential collective members only as noted above and as necessary for the Notice to be disseminated.  See supra Section III(C)(4).

Now that the Motion to Certify is granted, the parties are directed to meet and confer for at least one hour in person no later than January 22, 2026.  At this session, the parties must discuss, inter alia, Defendants' production of documents and information consistent with this Memorandum and Order, dates for any remaining depositions, and proposed dates for discovery. The parties are directed to file by January 29, 2026, a joint proposed discovery plan, which must include dates by which further discovery production will occur and deposition dates for any remaining depositions.

If, after meeting and conferring, discovery disputes persist, the parties must file by January 29, 2026 a joint letter of no more than ten pages describing in detail the parties' disputes and, where applicable, quoting verbatim the specific discovery requests and responses that remain in dispute, see Local Civil Rule 37.1.  Counsel are reminded of their obligation under Local Civil Rule 26.4 to attempt to resolve any dispute in good faith.

## V.    CONCLUSION

For the foregoing reasons, the Motions are granted.  Specifically:

(1) The Motion to Amend is granted.  Plaintiff is directed to file his proposed amended complaint on the docket by December 29, 2025.  Defendants will have 30 days thereafter to answer or otherwise move.

(2) The Motion to Certify is granted:

a.    The Court conditionally certifies a collective action comprised of all current and former drivers employed by Defendants in New York on or after May 16, 2018 until December 19, 2025 ("Covered Employees");

b.    To provide putative members of the collective action with accurate and timely notice regarding the pendency of the collective action, the Court approves dissemination of the Notice and Consent Form as attached hereto as Exhibits A-B;

c.    By January 22, 2026, Defendants are directed to produce an Excel spreadsheet of all Covered Employees' names, titles, dates of employment, last-known mailing addresses, email addresses and all known telephone numbers;

d.    Within 15 days of his receipt of the contact information that Defendants must provide, Plaintiff shall disseminate the Notice and Consent Form to the putative members of the collective action via mail and email as Exhibits A-B; and

e.    By January 22, 2026, Plaintiff must file, in a letter submission, his proposed language for any text message to distribute the Notice and Consent Form.

(3) The Motion to Compel is granted in part, and Defendants are directed to produce the information related to proposed collective members, as specified above.  Moreover:

    a.  No later than January 22, 2026, the parties must meet and confer for at least <u>one hour</u> in person.  At this session, the parties must discuss, <u>inter alia</u>, Defendants' production of documents and information consistent with this Memorandum and Order, dates for any remaining depositions, and proposed dates for discovery. The parties are directed to file by January 29, 2026, a <u>joint</u> proposed discovery plan, which must include dates by which further discovery production will occur and deposition dates for any remaining depositions.

    b.  If, after meeting and conferring, discovery disputes persist, the parties must file by January 29, 2026, a <u>joint</u> letter of no more than ten pages describing in detail the parties' disputes and, where applicable, quoting verbatim the specific discovery requests and responses that remain in dispute, <u>see</u> Local Civil Rule 37.1.

Dated: Brooklyn, New York
       December 19, 2025

                            *Vera M. Scanlon*
                            VERA M. SCANLON
                        United States Magistrate Judge